O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GRAHAM, | Case No. CV 11-1829 JPR |
| Plaintiff, | MEMORANDUM OPINION AND ORDER AFFIRMING THE COMMISSIONER |
| v. | |
| MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security<br>Administration, | |
| Defendant. | |

**I.   PROCEEDINGS**

Plaintiff seeks review of the Commissioner's final decision denying his application for Supplemental Security Income ("SSI"). The parties filed a Joint Stipulation on December 14, 2011. The Court has taken the Joint Stipulation under submission without oral argument. For the reasons stated below, the Commissioner's decision is affirmed and this action is dismissed.

**II.  BACKGROUND**

Plaintiff was born on July 2, 1964. (Administrative Record

("AR") 86.) He graduated high school and worked sporadically at various jobs. (AR 98.)

On April 16, 2007, Plaintiff filed an application for SSI, alleging that he had been unable to work since the start of the year because of "diabetes, heart condition, seizures, arthritis, schizophrenia." (AR 97.) After Plaintiff's application was denied, he requested a hearing before an Administrative Law Judge ("ALJ"). (AR 58.) It was held on November 3, 2008, at which time Plaintiff appeared with counsel and testified on his own behalf. (AR 25-48.) The ALJ determined that Plaintiff was not disabled because he did not have a "severe impairment or combination of impairments," physical or mental. (AR 19.) On January 5, 2011, the Appeals Council denied Plaintiff's request for review. (AR 1-5.) This action followed.

**III. STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. § 405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the

evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.    THE EVALUATION OF DISABILITY

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a severe physical or mental impairment that is expected to result in death or which has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

### A.    The five-step evaluation process

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. § 416.920(a)(4)(i). If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. § 416.920(a)(4)(ii). If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine

whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. § 416.920(a)(4)(iii). If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC")[1] to perform his past work; if so, the claimant is not disabled and the claim is denied. § 416.920(a)(4)(iv). The claimant has the burden of proving that he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id. If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because he can perform other substantial gainful work available in the national economy. § 416.920(a)(4)(iv). That determination comprises the fifth and final step in the sequential analysis. § 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

    B.   <u>The ALJ's application of the five-step process</u>

At step one, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since April 16, 2007, the date he applied for SSI. (AR 19.) At step two, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the

---

[1] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. 20 C.F.R. § 416.945(a); see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments." (AR 19.) Because the ALJ found that Plaintiff did not have a severe impairment, he did not consider steps three through five of the disability determination.

The ALJ found that Plaintiff did not have a severe mental impairment because his symptoms were "well-controlled with medication." (AR 20.) Plaintiff does not appear to contest that finding.

Next, the ALJ examined whether Plaintiff had any severe physical impairments. The ALJ found that Plaintiff's "history of diabetes mellitus and hypertension" were not severe impairments because "the medical records do not indicate any significant treatment for such impairments." (AR 20.) He noted that while Plaintiff took various medicines for these conditions, he usually had "no new complaints" when he returned to his doctor for refills. (AR 20.) The ALJ noted that Plaintiff stated that Motrin controlled his back pain, and various neurological and musculoskeletal examinations and tests all were normal. (AR 20-21.)

The ALJ expressly rejected the opinion of Plaintiff's treating physician, Dr. E.A. Ayodele, who had been Plaintiff's doctor since June 2004 (AR 21) and had last examined him in April 2008 (AR 134). Dr. Ayodele completed an RFC form for Plaintiff. (AR 134-37.) At the conclusion of it, Dr. Ayodele noted the following:

> Patient has frequent chest pain and frequently complains of dizziness. Patient also said that his nerves are bad. Mom claimed that patient is slow – also had history of seizures in the past.

(AR 137.)  When asked to identify all "clinical findings and objective signs" supporting his diagnoses of hypertension, angina, and other ailments, Dr. Ayodele wrote, "frequent chest pain, generalized weakness of joints on exam."  (AR 134.)

The ALJ found that Dr. Ayodele's opinion that Plaintiff had various restrictions on how much he could lift and how long he could sit or stand were "inconsistent with all of the objective clinical and diagnostic findings, which have . . . been given great weight."  (AR 21.)  The ALJ also noted that while Dr. Ayodele stated that Plaintiff could lift up to 10 pounds only occasionally (AR 136), Plaintiff himself stated that he could lift up to 30 pounds (AR 184).  (AR 21.) The ALJ gave "significant weight" to the opinion of Dr. Ella Tamayo, the consultative examining doctor, who examined Plaintiff in June 2007 and found that he had no significant functional restrictions.  (AR 20-21.)  Her examination of Plaintiff was "unremarkable."  (AR 187.)

Plaintiff was tentatively diagnosed with carpal tunnel syndrome by Dr. Ayodele, but tests conducted in November 2007 were completely normal and showed no evidence of that affliction or "other compressive neuropathy."  (AR 263-64.)

**V.   DISCUSSION**

Plaintiff contends that the ALJ improperly rejected the opinion of Dr. Ayodele and therefore incorrectly determined that he did not suffer from any severe impairment or combination of impairments.  (J. Stip. at 4.)

A.   Step two

At step two of the sequential evaluation process, a plaintiff has the burden to present evidence of medical signs, symptoms, and laboratory findings that establish a medically determinable physical

or mental impairment that is severe and that can be expected to result in death or last for a continuous period of at least 12 months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005) (citing 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D));[2] see 20 C.F.R. § 416.920. Substantial evidence supports an ALJ's determination that a claimant is not disabled at step two when "there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment." Ukolov, 420 F.3d at 1004-05 (citing SSR 96-4p). An impairment may never be found on the basis of the claimant's symptoms alone. Id. at 1005.

Step two is "a de minimis screening device [used] to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Applying the applicable standard of review to the requirements of step two, a court must determine whether an ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005); see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." Webb, 433 F.3d at 686 (citation omitted).

---

[2] A "medical sign" is "an anatomical, physiological, or psychological abnormality that can be shown by medically acceptable clinical and laboratory diagnostic techniques." Ukolov, 420 F.3d at 1005.

B. Rejection of treating physician's opinion

Generally, the opinions of treating physicians are afforded more weight than the opinions of nontreating physicians because treating physicians are employed to cure and have a greater opportunity to know and observe the claimant. Smolen, 80 F.3d at 1285. The weight given a treating physician's opinion depends on whether it was supported by sufficient medical data and was consistent with other evidence in the record. See 20 C.F.R. § 416.927(d)(2). If a treating physician's opinion was well supported by medically acceptable clinical and laboratory diagnostic techniques and was not inconsistent with the other substantial evidence in the record, it should be given controlling weight and should be rejected only for "clear and convincing" reasons. See Lester, 81 F.3d at 830; § 416.927(d)(2). When a treating physician's opinion conflicts with other medical evidence, the ALJ must provide "specific and legitimate reasons" for discounting the treating opinion. Lester, 81 F.3d at 830; Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). Factors relevant to the evaluation of a treating physician's opinion include the "[l]ength of the treatment relationship and the frequency of examination" as well as the "nature and extent of the treatment relationship" between the patient and the physician. § 416.927(d)(2)(i)-(ii).

C. Analysis

As the ALJ noted, there appears to be not a single medical sign or laboratory finding in the record demonstrating anything other than normal or minimally abnormal findings. Plaintiff has not pointed to the results of any such tests or examinations. The law is clear that a finding of impairment cannot rest on a plaintiff's subjective symptoms alone.

Plaintiff urges the Court to find that the ALJ improperly rejected Dr. Ayodele's diagnosis of severe impairments. Plaintiff cites law for the proposition that a later medical opinion is entitled to more weight than an older one and notes that Dr. Ayodele filled out Plaintiff's RFC form in April 2008 while Dr. Ella-Tamayo conducted her examination of Plaintiff in June 2007. (J. Stip. at 7-8.) But the cases Plaintiff cites do not support his position, because in each of them there was specific medical evidence that the claimant's condition was deteriorating over time. See Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985) (rejecting older reports because evidence showed "continuing degenerative changes"); Wier ex rel. Wier v. Heckler, 734 F.2d 955, 964 (3d Cir. 1984) (rejecting reliance on stale medical records when evidence showed "appellant's mental development relative to his chronological age has slowed in adolescence"). No such evidence exists here, and therefore there was no reason for the ALJ to discount Dr. Ella-Tamayo's findings. In fact, as the ALJ noted, Plaintiff has by all accounts responded well to treatment.[3]

The ALJ was entitled to credit the finding of examining doctor Ella-Tamayo because it was supported by the doctor's independent clinical findings and thus constituted substantial evidence upon which the ALJ could properly rely to reject Dr. Ayodele's opinion. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Any conflict in the properly supported medical-opinion evidence was the sole province of the ALJ to resolve. See Andrews v. Shalala, 53 F.3d

---

[3] Plaintiff apparently was looking for work after the alleged onset date of his complete disability. (See AR 25 ("11/8/07: Pt investigating job opportunity today UPS.").) Because the ALJ did not rely on this fact in finding that Plaintiff did not have a severe impairment, the Court does not do so either. See Orn, 495 F.3d at 630; Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).

1035, 1041 (9th Cir. 1995). The ALJ provided three specific and legitimate reasons for rejecting Dr. Ayodele's opinion. Moreover, impairment cannot be based on symptoms alone, and, as the ALJ found, no medical signs or laboratory findings supported Dr. Ayodele's opinion. See Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating doctor's opinion properly rejected when treatment notes "provide no basis for the functional restrictions he opined should be imposed on [claimant]"). Accordingly, the ALJ did not err in finding that Plaintiff did not have a severe impairment or combination of impairments. Thus, Plaintiff's contentions do not warrant remand.

**VI. CONCLUSION**

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[4] IT IS ORDERED that judgment be entered AFFIRMING the decision of the Commissioner and dismissing this action with prejudice. IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment on counsel for both parties.

DATED: January 3, 2012

_____
JEAN P. ROSENBLUTH
U.S. Magistrate Judge

---

[4] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."